ORFINGER, J.
Magnolia Manor, Inc. and Kenneth L. Mann appeal the trial court’s order dismissing with prejudice a petition for probate of a 1978 will purportedly executed by Byron B. Mizell, deceased, and for revocation of the letters of administration issued to Lunelle M. Siegel, appointing her as *143 personal representative of the estate of Byron B. Mizell. The genesis of this dispute can be found in our opinion issued following an earlier appeal in the estate proceedings. See First Union Nat’l Bank of Fla., N.A. v. Estate of Byron B. Mizell, 807 So.2d 78 (Fla. 5th DCA 2001) (“Mizell 1”).
In Mizell 1, we affirmed the trial court’s conclusion that certain testamentary instruments executed shortly before Mizell’s 1993 death were procured through undue influence and that Mizell was incompetent at the time those documents were executed. However, we reversed the trial court’s conclusion that Mizell died intestate, observing that because Mizell’s 1978 will had never been offered for probate, on remand, Magnolia Manor, Inc., the sole beneficiary named in the 1978 will, was to be notified of the probate proceeding and given an opportunity to offer the 1978 will for probate. After receiving notice, Magnolia Manor retained Kenneth L. Mann, an Orlando attorney, who filed a petition to revoke Siegel’s appointment as Mizell’s personal representative and seeking to admit the 1978 will to probate. The trial court dismissed the petition with prejudice, concluding that Mann lacked standing to file it. This appeal ensued and we reverse.
Mann’s petition, naming himself as “petitioner,” alleged that he had been designated as the successor personal representative by Magnolia Manor, the sole beneficiary. Siegel moved to dismiss, contending that Mann lacked standing in his own right to file a petition for administration as he was not an “interested party”, as defined by section 731.201(21), Florida Statutes (2002). The trial court agreed and dismissed the action with prejudice.
While we agree that the papers filed by Mann were not models of clarity, they were timely filed and provided, in relevant part, that:
Mann hereby responds to said notice [of administration] on behalf of Magnolia Manor, to have the 1978 will admitted to probate, to object to Siegel being qualified to serve and continuing to serve as personal representative under the circumstances, and to have Mann appointed as 2nd successor personal representative to conclude the administration of the estate.
(Emphasis added).
A fair reading of the papers Mann filed demonstrates that Mann was proceeding not for his own personal interest, but as a representative of Magnolia Manor. His papers claimed no personal standing, but demonstrated adequate standing for Magnolia Manor under the 1978 will. We conclude that the trial court erred when it dismissed Magnolia Manor’s petition. We reverse the order of dismissal and remand the matter for further consideration of Magnolia Manor’s papers. We find no merit in the remaining issues asserted by the parties.
REVERSED and REMANDED for further proceedings consistent herewith.
PETERSON and THOMPSON, JJ., concur.